IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Lewis T. Babcock

Criminal Action No. 03-cr-00519-LTB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

5.    RODNEY STONE,

    Defendant.

---

ORDER EITHER TO RECHARACTERIZE OR TO
WITHDRAW OCTOBER 4, 2005, LETTER

---

Defendant Rodney Stone filed a ***pro se*** Letter on October 4, 2005. In the Letter, he challenges the effectiveness of his trial counsel in the instant criminal proceeding and asserts a violation of his Sixth Amendment rights due to trial counsel's ineffectiveness.

The Court must construe the Letter liberally, because Mr. Stone is a ***pro se*** litigant. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a ***pro se*** litigant's advocate. ***See Hall***, 935 F.2d at 1110. For the reasons stated below, Mr. Stone will be directed either to agree to the Court's recharacterization of the Letter as a 28 U.S.C. § 2255 motion or to withdraw the filing.

The proper method for Mr. Stone to challenge his sentence is to file a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. "The exclusive remedy for testing the validity of a judgment and sentence, unless it is

inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." **Johnson v. Taylor**, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam).  However, because of the sharp limitations on second or successive motions, courts are reluctant to recharacterize a *pro se* prisoner's postconviction filing as a § 2255 motion without first advising the prisoner of the potential effect.  **See *United States v. Kelly***, 235 F.3d 1238, 1242 (10th Cir. 2000); ***see also United States v. Miller***, 197 F.3d 644, 651-52 (3rd Cir. 1999); ***Adams v. United States***, 155 F.3d 582, 583-84 & n.2 (2d Cir. 1998).

A successive 28 U.S.C. § 2255 motion repeats claims previously decided on the merits or abusively asserts new grounds unjustifiably omitted from a prior motion.  ***Kelly***, 235 F.3d at 1241.  To avoid having claims barred as successive, a litigant seeking § 2255 relief generally must marshal all of his claims into one collateral attack on his conviction and sentence in order not to use up his one opportunity at attacking his conviction and sentence.  ***Id.***  To avoid being time barred, a litigant also must file his all-inclusive motion within one-year from the date on which the judgment of conviction becomes final.  **See** 28 U.S.C. § 2255.

District courts should only recharacterize a filing as a § 2255 motion when (1) the movant, having been made aware of the risks associated with recharacterization, agrees to have the filing recharacterized, or (2) the district court concludes that, despite its designation, the motion can only be considered under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the filing rather than have it recharacterized.  ***Kelly***, 235 F.3d at 1242.  Therefore, the Court will afford Mr. Stone thirty days from the date of this Order in which either to agree to the Court's

recharacterization of the Letter as asserted pursuant to § 2255 or to seek to have the filing withdrawn. If Mr. Stone agrees to the Court's recharacterization of the Letter as asserted pursuant to § 2255, he may supplement the motion with any additional claims he seeks to assert. Failure to respond to this Order within the time allowed will result in the Court's recharacterization and processing of the Letter as a § 2255 motion. Accordingly, it is

ORDERED that Mr. Stone either agree to the recharacterization of the letter as a motion filed pursuant to 28 U.S.C. § 2255 or withdraw the filing. It is

FURTHER ORDERED that if Mr. Stone fails to communicate with the Court within thirty days from the date of the instant Order the Court will recharacterize and process the Letter as a 28 U.S.C. § 2255 motion.

DATED at Denver, Colorado, this __28th__ day of __December__, 2005.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Chief Judge
United States District Court